IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | |
|---|---|
| RICHARD D. TEWS, | * |
| | * |
| Plaintiff, | * |
| v. | * |
| | * |
| CAROLYN W. COLVIN, Acting | *   No. 1:16-cv-00020-JJV |
| Commissioner, Social Security | * |
| Administration, | * |
| | * |
| Defendant. | * |

**MEMORANDUM AND ORDER**

Plaintiff has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for disability insurance benefits and supplemental security income. The Administrative Law Judge (ALJ) concluded Plaintiff had not been under a disability within the meaning of the Social Security Act. (Tr. 16-26) The Appeals Council denied Plaintiff's request for a review (Tr. 1-3), making the ALJ's decision the final decision of the Commissioner.

This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, a court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. A court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful consideration of the record as a whole, I find the decision of the Commissioner is supported by substantial evidence.

Plaintiff was fifty-one years old at the time of the administrative hearing. (Tr. 35) He has a tenth grade education (Tr. 37), and has past relevant work as a resorts caretaker, roofer, siding applicator, and cooker. (Tr. 41)

Plaintiff is seeking benefits due to paranoid schizophrenia and attention deficit disorder. (Tr. 62). The ALJ[1] found Mr. Tews had not engaged in substantial gainful activity since September 10, 2012, the alleged onset date. (Tr. 18) He has "severe" impairments in the form of personality disorder and substance abuse disorder. (*Id.*) The ALJ further found Mr. Tews did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1.[2] (Tr. 19-20)

The ALJ determined Mr. Tews had the residual functional capacity (RFC) to perform work at all exertional levels, however his RFC is reduced by his nonexertional impairments. (Tr. 20) The ALJ said plaintiff was "able to perform unskilled, rote activity; able to understand, follow, and remember concrete instructions; limited contact with superiors, coworkers, and the public, defined as superficial, such as meeting and greeting, and give simple instructions and directions." (*Id.*)

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2]420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

Considering these constraints, the ALJ concluded Mr. Tews was capable of performing his past relevant work as a resorts caretaker. (Tr. 24) Alternatively, with the help of a vocational expert (Tr. 40-41, 55-57), the ALJ assessed that Plaintiff could also perform the jobs of kitchen helper and cook's helper. (Tr. 25) Accordingly, the ALJ determined Mr. Tews was not disabled. (Tr. 26)

In support of his Complaint, Plaintiff raises two arguments. He believes the ALJ erred by (1) failing to determine he met Listing 12.03 and (2) incorrectly determining his RFC. (Doc. No. 11 at 6-10.)

With regard to his first argument, I have carefully reviewed the medical evidence. (Tr. 263-268, 272-287, 291-315, 327-361) While Plaintiff clearly suffers from some mental limitations, substantial evidence in the record as a whole supports the ALJ's conclusion that Plaintiff's impairments did not meet or equal all the requirements of a Listing.

The ALJ did not specifically consider Listing 12.03 in his decision. He did, however, consider Listing 12.08. (Tr. 19-20) And, significantly, the ALJ determined Plaintiff failed to meet the listing based on the "paragraph B" criteria. This is important because those criteria are identical for both Listing 12.03 and 12.08.

A claimant is presumed disabled under Listing 12.08 (due to a personality disorder) if he establishes the following:

> 12.08 *Personality Disorders:* A personality disorder exists when personality traits are inflexible and maladaptive and cause either significant impairment in social or occupational functioning or subjective distress. Characteristic features are typical of the individual's long-term functioning and are not limited to discrete episodes of illness.
> The required level of severity for these disorders is met when the requirements in both A and B are satisfied.
> A. Deeply ingrained, maladaptive patterns of behavior associated with one of the following:
> 1. Seclusiveness or autistic thinking; or
> 2. Pathologically inappropriate suspiciousness or hostility; or
> 3. Oddities of thought, perception, speech and behavior; or

> 4. Persistent disturbances of mood or affect; or
> 5. Pathological dependence, passivity, or aggressivity; or
> 6. Intense and unstable interpersonal relationships and impulsive and damaging behavior;
>
> AND
>
> B. Resulting in three of the following:
> 1. Marked restriction of activities of daily living; or
> 2. Marked difficulties in maintaining social functioning; or
> 3. Marked difficulties in maintaining concentration, persistence, or pace; or
> 4. Repeated episodes of decompensation, each of extended duration.

20 C.F.R. Pt. 404, Subpart P, App. 1.

A claimant has the burden of proving his condition meets or equals an impairment listed in Appendix 1. 20 C.F.R. § 404.1525(d) (1997); *Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir. 1995); *see Marciniak v. Shalala*, 49 F.3d 1350 (8th Cir. 1995). The claimant must provide medical findings that support each of the criteria for the equivalent impairment determination. *Selders v. Sullivan*, 914 F.2d 614, 619 (5th Cir. 1990). For a claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria. *Marciniak*, 49 F.3d at 1353. An impairment that manifests only some of those criteria, no matter how severely, does not qualify. *Id.*

As previously noted, the ALJ focused on the "B" criteria of the listing. (Tr. 19.) In considering these criteria, the ALJ concluded Plaintiff had "mild" limitation in activities of daily living and "moderate" limitations in maintaining social functioning and concentration, persistence or pace. *Id.* He then concluded, "Because [Mr. Tews'] mental impairments do not cause at least two 'marked' limitations or one 'marked' limitation and 'repeated' episodes of decompensation, each of extended duration, the 'paragraph B' criteria are not satisfied." (Tr. 20.)

Plaintiff had the burden of showing his mental impairments resulted in a "marked" restriction of activities of daily living; marked difficulties in maintaining social functioning; deficiencies of concentration, persistence or pace resulting in frequent failure to complete tasks in a timely manner;

4

or repeated episodes of deterioration or decompensation in work or work-like settings which cause the individual to withdraw from that situation or to experience exacerbation of signs and symptoms (which may include deterioration of adaptive behavior). Plaintiff has not met this burden.

Nancy A. Bunting, Ph.D., completed a consultative Mental Status and Evaluation of Adaptive Functioning of Plaintiff. (Tr. 263-268.) Nothing in Dr. Bunting's report supports an allegation of "marked" limitation. Although Plaintiff undoubtedly suffers from some mental limitations, substantial evidence supports the ALJ's determination that he was still capable of performing work-related activities. The ALJ properly focused on Plaintiff's ability to function, rather than focusing on his diagnosis. A mental disturbance is not disabling *per se*; there must be a functional loss establishing an inability to engage in substantial gainful activity before disability occurs. *Trenary v. Bowen*, 898 F.2d 1361, 1364 (8th Cir. 1990). Proof of a disabling impairment must be supported by at least some objective medical evidence. *Marolf v. Sullivan*, 981 F.2d 976, 978 (8th Cir. 1992). The ALJ correctly concluded that Plaintiff is capable of performing many activities of daily living. (Tr. 22) And there is ample evidence to support the ALJ's finding that Plaintiff is capable of getting along with others. (*Id.*)

Additionally, the ALJ accurately accounted for Plaintiff's limitations in his reduced RFC. So I find no reversible error with regard to his RFC assessment. Accordingly, the Commissioner's decision should be affirmed.

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

5

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, ORDERED that the final determination of the Commissioner is affirmed and Plaintiff's Complaint (Doc. No. 2) is DISMISSED with prejudice.

IT IS SO ORDERED this 16th day of August, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE